WILLIAM GIDDINGS, Petitioner, &c.

The statutory regulations respecting the rolls of companies in the militia, are only directory to the officers, and a roll may be informal, imperfect and incorrect, and yet be a legal roll for the purpose of rendering the persons whose names are borne on it, liable for neglect of military duty.

Thus, a list of names headed " Company Roll, May, 1836, O. B., Clerk," but not containing the name of any officer, nor the number of the regiment, &c. to which the company belonged, nor any account of arms and equipments, except that the word " rifle " was written against a few of the names, was *held* to be competent evidence to prove that a person, whose name was on the list, was enrolled in such company, and so was liable for a neglect of military duty.

The roll of a company of militia revised annually in May, as required by law, and corrected from time to time as occasion may require, continues to be the legal roll of the company, until it is revised in the next succeeding May.

It is not essential to the validity of the warning of a member of a militia company, that there should be a clerk belonging to such company, at the time when the warning is given.

THIS was a petition for a certiorari to a justice of the peace, who had fined the petitioner for neglecting to appear at a meeting of a militia company, on the 2d of May, 1837, for inspection.

At the trial before the justice, the complainant, for the purpose of proving that the petitioner was duly enrolled, produced a paper, headed " Company Roll, May, 1836.   Osmyn Bisbee, Clerk," and  containing a list of names, among which was the name of the petitioner ; but the paper did not contain the name of any officer of any rank, nor any account of the arms and equipments belonging to each man, excepting that the word " rifle " was written against a few of the names.

Orren Bisbee, the captain of the company, testified that the paper offered in evidence was the roll of the company, made in May, 1836 ; that at that time, there were no officers in the company excepting himself, who was a lieutenant ; and that at

the time when the petitioner was warned, his name had been enrolled on such paper six months.

It appeared from the record of the justice, that no evidence was offered by the complainant to show that there was any clerk belonging to the company when the petitioner was warned.

Upon this evidence the petitioner contended, that there was no legal roll of the company ; that there was no proof, that he was duly enrolled as a member ; and that, in order to sustain this complaint, it should be proved that there was a clerk belonging to the company, at the time when he was warned.

The justice, however, adjudged the petitioner to be guilty of the charge set forth in the complaint.

*Rising*, for the petitioner, to the point, that there was no legal roll of the company, cited Revised Stat. *c.* 12, § 5, 9, 28 ; *Commonwealth* v. *Hall*, 3 Pick. 262 ; *Johnson* v. *Morse*, 7 Pick. 251.

MORTON J. delivered the opinion of the Court. The principal, if not the only, exception to the proceedings of the magistrate, relates to the enrolment of the petitioner. There is no doubt, that the proof of his enrolment was the first step in support of the prosecution, and one without which it could not proceed. The legal enrolment of the private soldier is an indispensable prerequisite to his liability to do military duty. *Johnson* v. *Morse*, 7 Pick. 251.

The complainant offered in evidence a paper headed " Company Roll, May, 1836. Osmyn Bisbee, Clerk," which contained a list of names, against some of which was written the word " rifle " ; and this was the only notice in it of any equipments. To this the petitioner objected on the ground that it was not a legal roll of the company ; but it was admitted by the magistrate. And we are now called upon to reverse this decision.

The 5th section of the militia law, Revised Stat. *c.* 12, requires the commanding officer of each company, with the assistance of the clerk, to enroll all persons liable to military duty within the limits of his company, and the roll to alter and correct, from time to time, as new persons become liable or old ones become exempt. The 9th section provides, that " every

roll shall be kept in the form prescribed by the commander-in-chief," and requires the adjutant-general to " furnish to every company suitable blanks and instructions therefor." And the 28th section enacts, that " a fair and exact roll of each company shall be kept by the clerk, under the direction of the commanding officer, with the state of the arms and equipments belonging to each man, in the form prescribed by the commander-in-chief."

The paper offered, certainly is not " a *fair and exact roll* " of the company ; nor is it in the well known " form prescribed by the commander-in-chief." And if such a roll is the only competent evidence of enrolment, it is perfectly clear, that this paper ought not to have been admitted. And we may add, that if errors in rolls, either in form or substance, are destructive of their validity, a small proportion of our militia will be found to be legally enrolled. Very few, if any, of our companies, if perfect accuracy be required, can show "*fair and exact and formal rolls.*"

But we think these statutory regulations are directory to the officers, and not prerequisites to the liability of the privates. And although the roll in question is very informal, imperfect and incorrect, yet we cannot say that, for the purpose of charging the privates, it is not a legal roll of the company. And although it does not state the number of the regiment, brigade or division to which the company belongs, or even the names of the officers, which, as there are several companies in a regiment, would be the only certain designation, yet we think there can be no doubt of the identity of the company, or that the roll offered was the roll of the company to which the petitioner belonged. His name was borne on this roll. It does not appear that there were any inaccuracies in the list of persons enrolled. But if there were, it would be no objection to the competency of the roll. It would, in many cases, be impossible to make rolls which should include every person liable to do duty, and none who were not liable, and be in every other respect perfectly correct.

This roll bears date of May, 1836. At that time the petitioner was duly enrolled. The commanding officer is required, from *time to time*, to correct his roll, as the state of the com-

SEPTEMBER TERM 1839.                                    **409**

pany and the changes in it may require, and *annually*, in the month of *May*, to revise it. In effect, there must be a new roll made every year. It is immaterial whether it be formed by correcting an old list or schedule, or by transcribing its contents upon a new one. This roll, liable to be corrected as occasion might require, remained the roll of the company till a new one was, or should have been, formed in May, 1837. The roll of 1836, with or without corrections, was the proper roll of the company, when the order was issued for the annual inspection of May, 1837, when the petitioner was warned, and when he was notified to appear. In the revision of the old or the formation of a new roll for 1837, the petitioner, by reason of his age or for other cause, sufficient or insufficient, might be omitted. But this would not affect his liability for the annual inspection of May, 1837.

It appears from the record of the justice, that no evidence was offered, that there was any clerk of the company at the time the petitioner was notified to attend. This omission was objected to, on the trial, and is now open to revision. But we think it was not indispensable, that there should have been a clerk at that time. A company is not disbanded or disorganized by the disability, death, resignation or removal of that officer ; nor is the commander disqualified from issuing orders during such vacancy. It is true that, by the 29th section, all orders issued and received must be recorded by the clerk in the orderly book ; and, undoubtedly, it would be more correct to record them before they go out of the hands of the commanding officer ; but this is not required by the statute, and is not essential to their validity. The order for a company training or inspection may be recorded after its execution and return, as well as before. And even if never recorded, it may not be disobeyed by the non-commissioned officers and privates.

On the whole, we discover in the record of the magistrate no error which requires his proceedings to be quashed.

*Petition dismissed.*